# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| ANGELA FAVORS-MORRELL,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN MNUCHIN, Secretary of<br>the Treasury,<br><br>    Defendant. | CV 200-158 |
| ANGELA FAVORS-MORRELL & TONY<br>L. MORRELL,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CV 209-58 |
| ANGELA FAVORS-MORRELL,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CV 211-91 |
| ANGELA FAVORS-MORRELL,<br><br>    Plaintiff, | |

v.                                    CV 215-24

UNITED STATES OF AMERICA,

Defendant.

**ORDER**

In all four cases, Plaintiffs move to vacate order for fraud on the Court and to reopen. Defendant moves for an injunction to limit future filings. Dkt. No. 118, No. 2:00-CV-158. Plaintiffs' motions will be **DENIED**, and Defendant's motion will be **DENIED** at this time.

**Background**

The facts of these cases are set out in the Court's previous order. See Dkt. No. 121, No. 2:00-CV-158.

**Legal Standards**

Federal Rule of Civil Procedure 60(d)(3) allows a judgment to be set aside for fraud on the court. Such fraud "must be established by clear and convincing misconduct." Gupta v. U.S. Att'y Gen., 556 F. App'x 838, 840 (11th Cir. 2014) (per curiam). "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." Id. (citations omitted).

Rule 60(b)(6) is a catch-all provision allowing relief from a final judgment. Fed. R. Civ. P. 60(b)(6). The party raising

AO 72A
(Rev. 8/82)

it must show "extraordinary circumstances." <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 535 (2005) (citations omitted). "[T]hat is, movants must show that 'absent such relief, an "extreme" and "unexpected" hardship will result.'" <u>Galbert v. W. Caribbean Airways</u>, 715 F.3d 1290, 1294 (11th Cir. 2013) (quoting <u>Griffin v. Swim-Tech Corp.</u>, 722 F.2d 677, 680 (11th Cir. 1984) (quoting <u>United States v. Swift & Co.</u>, 286 U.S. 106, 119 (1932))). "Even then, whether to grant the requested relief" is left to "the district court's sound discretion." <u>Arthur v. Thomas</u>, 739 F.3d 611, 628 (11th Cir. 2014) (citations omitted).

District courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

**Discussion**

**I. PLAINTIFFS' MOTIONS TO VACATE ARE DENIED.**

Plaintiffs moved to vacate order for fraud on the Court on March 16 and April 5, 2017. Plaintiffs claim that the fraud in question "has been made by the court itself," as this Judge "served as US Attorney for the Southern District of Georgia from 2004 to 2007; and adjudicated the civil actions filed reference the US Attorney and Assistant US Attorneys for the Southern District of Georgia." Dkt. No. 123 at 3, No. 2:00-CV-158. This Judge, Plaintiffs argue, "[did] not have discretion not to

disqualify [herself]." Id. at 7. Plaintiffs also allege that I needed to recuse myself because one of the defendants was an Assistant U.S. Attorney who represented me in a different, unrelated lawsuit that was dismissed on immunity grounds. Dkt. No. 119 at 1.

There was no fraud on the court. I served as U.S. Attorney between 2004 and 2007. Seven of the cases brought by Plaintiffs had not even been filed by that point. See United States v. Champlin, 388 F. Supp. 2d 1177, 1181 (D. Haw. 2005) ("[T]he United States Attorney . . . would have to rescue [sic] . . . herself from cases investigated or prosecuted while . . . she was in office . . . ." (emphasis added)). The other one, 2:00-CV-158, did not have any filings between 2002 and 2014. It was not proceeding in any meaningful way while I was U.S. Attorney, and I had no involvement in the case during that time. See Dkt. Nos. 94-95. Therefore, "an objective, fully informed lay observer would [not] entertain significant doubt about [my] impartiality," so I was under no obligation to recuse myself. Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). Besides, it is much too late to complain that I should have recused myself when the reason why I supposedly needed to was known to Plaintiffs long ago. See, e.g., Daniel v. U.S. Marshal Serv., 188 F. App'x 954, 959 (11th Cir. 2006) (per curiam) ("Although a literal reading of [28 U.S.C.] § 455 places the

4

duty to recognize the conflict on the judge, this Court has held that a motion to disqualify must be timely." (citations omitted)).

The mere fact that I once served as U.S. Attorney does not disqualify me, either. See, e.g., Ciampi v. City of Palo Alto, No. 10-CV-02655, 2010 WL 3619544, at *3 (N.D. Cal. Sept. 13, 2010) ("Any district judge who previously served in a U.S. Attorney's Office is likely to 'see[ ] previous colleagues in her capacity as a judge as a matter of course.' The mere fact of a judge's former acquaintance with a party . . . through her previous employment does not constitute grounds for recusal. If this Court held otherwise, it would be nearly impossible for former [Assistant U.S. Attorneys] to become federal district judges, for they would be required to recuse themselves from any case in which their former colleagues served as counsel . . . . In this case, there is no close relationship, financial interest, or out-of-court information . . . that would cause a reasonable person to question the Court's impartiality." (internal citations omitted)).

As for the fact that one of the Assistant U.S. Attorney defendants in No. 2:15-CV-24 represented me in an unrelated matter, "[c]ourts across the country have accepted the propriety of United States Attorney representation of federal judges"—even though members of U.S. Attorney's offices regularly appear

before those judges in other proceedings. <u>Bryan v. Murphy</u>, 246 F. Supp. 2d 1256, 1261 (N.D. Ga. 2003). Indeed, "[n]ormally, when federal judges are sued in their official capacity, a government attorney will be assigned to defend them." <u>Tashima v. Admin. Office of U.S. Ct.</u>, 967 F.2d 1264, 1267 (9th Cir. 1992). Not only is this compatible with judicial independence—it is "necessary" to it. <u>Id.</u> Recusal is only required if the judge has "a personal rather than an official interest in the litigation in which the counsel in question had represented [her]." <u>United States v. Zagari</u>, 419 F. Supp. 494, 506 (N.D. Cal. 1976). I only had an official interest in <u>Moreland v. Wood</u>, so this is not a reason why I should have recused myself here and it cannot support an allegation of fraud on the court. <u>See</u> Dkt. No. 59 at 13, <u>Moreland v. Wood</u>, No. 2:14-CV-143 (finding that I was, "at all times [relevant to <u>Moreland</u>], acting within [my] judicial capacities."); <u>id.</u> at 17 (dismissing all claims against me because of judicial immunity). For these reasons, Plaintiffs' motions to vacate order for fraud on the court—dkt. no. 123 in No. 2:00-CV-158, dkt. no. 80 in No. 2:09-CV-58, dkt. no. 56 in No. 2:11-CV-91, and dkt. no. 67 in No. 2:15-CV-24—are **DENIED**.

## II. PLAINTIFFS' MOTIONS TO REOPEN ARE DENIED.

Plaintiffs moved to reopen case no. 2:00-CV-158 on June 12, 2017, and in the other cases, their June 20, 2017 reply briefs

AO 72A
(Rev. 8/82)

on the motions to vacate were partially entitled "motion to reopen." Even assuming all of these to be proper motions, they must be denied. Plaintiffs argue that a congressional committee is now investigating the Federal Law Enforcement Training Center ("FLETC"). Dkt. No. 127 at 1-3; Dkt. No. 127-1. They thus argue based on newly discovered evidence. Newly discovered evidence as a basis for reopening a case is provided for in Federal Rule of Civil Procedure 60(b)(2)—and it must be raised "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Final judgment was entered in each of the cases at issue here more than a year ago. Dkt. No. 86, No. 2:00-CV-158; Dkt. No. 51, No. 2:09-CV-58; Dkt. No. 16, No. 2:11-CV-91; Dkt. No. 53, No. 2:15-CV-24.

Granted, the Rule 60(b)(6) catch-all lacks the one-year deadline. But it is forbidden to bring a newly discovered-evidence argument under that provision, precisely so that parties cannot "circumvent the timing restrictions." Gupta v. U.S. Att'y Gen., 556 F. App'x 838, 842 (11th Cir. 2014) (per curiam); see also Sneed v. Pan Am. Hosp., 435 F. App'x 839, 841 n.3 (11th Cir. 2011) (per curiam). The investigation is not a basis for reopening these cases.

Plaintiffs' briefs do not raise any other valid reason to reopen. Thus, their motions—dkt. no. 127 in No. 2:00-CV-158;

AO 72A
(Rev. 8/82)

dkt. no. 83 in No. 2:09-CV-58; dkt. no. 59 in No. 2:11-CV-91; and dkt. no. 72 in No. 2:15-CV-24—are **DENIED**.

III. **PLAINTIFFS' FUTURE FILINGS.**

Defendant seeks to limit future filings from Plaintiffs. Dkt. No. 118, No. 2:00-CV-158. This motion is denied at this time.

## CONCLUSION

For the reasons above, in case number:

- 2:00-CV-158, dkt. nos. 123 and 127 are **DENIED**, and dkt. no. 118 is **DENIED** at this time;

- 2:09-CV-58, dkt. nos. 80 and 83 are **DENIED**;

- 2:11-CV-91, dkt. nos. 56 and 59 are **DENIED**; and

- 2:15-CV-24, dkt. nos. 67 and 72 are **DENIED**.

**SO ORDERED**, this 30th day of June, 2017.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA